UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY SCIACCA,

    Plaintiff,

        v.                             Civil Action No. 08-2030 (RWR/JMF)

FEDERAL BUREAU OF
INVESTIGATION, *et al.*,

    Defendants.

**REPORT AND RECOMMENDATION**

This case, brought under the Freedom of Information Act, was referred for a Report and Recommendation on Defendants' Motion for Summary Judgment [#12].

Defendants have submitted a declaration by Kevin Hardy justifying the deletion of portions of the documents that have been made available to the plaintiff. I must conclude, however, that the declaration is insufficient as a matter of law and recommend that defendants' motion be denied.

The Freedom of Information Act requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletions of the portions which are exempt." 5 U.S.C. § 552(b).[1] "[I]t has long been the rule in this Circuit that non-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions." Mead Data Cent., Inc. v. United States Dep't of Air Force, 566 F.2d 242, 260

---

[1] All references to the United States Code are to the electronic versions in Westlaw and Lexis.

(D.C. Cir. 1977).  This obligation is so clear and so worthy of strict enforcement that the court must enforce it *sua sponte*.  Trans-Pacific Policing Agreement v. U.S. Customs Serv., 177 F.3d 1022, 1028 (D.C. Cir. 1999).  Furthermore, it is reversible error for the court "to simply approve the withholding of an entire document without entering a finding on segregability, or the lack thereof."  Schiller v. NLRB, 964 F.2d 1205, 1210 (D.C. Cir. 1992).

To justify the withholding of exempt information, whether an entire document or a part of it, the agency has the obligation to "specify in detail which portions of the documents are disclosable and which are allegedly exempt."  Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir. 1973).  Thus, in one case, where an agency, claiming an exemption, stated only that a 37 page document contained material "collected by the United States Attorney's Office," the court of appeals reminded the agency of its obligation and concluded its submission did not even "qualify as a '*Vaughn*' index."  Schiller, 964 F.2d at 1210.

The only statements addressing this responsibility appear in the Second Declaration of Kevin Hardy:

> (87)    After extensive review of the documents at issue, it has been determined that there is no further reasonably segregable information which may be released.  The fully withheld documents are not segregable in that the extensive redactions would only cause a patchwork of unintelligible text.  Thus, the FBI should not be required to segregate these words and phrases from disclosure.
>
> * * *
>
> (88)    The FBI has processed and released all reasonably segregable information from the records responsive to plaintiff's request to the FBI.

[#12-1] ¶¶ 87, 88.

A similar statement by the Antitrust Division, another division within the Department of Justice, has also been found to be insufficient by the court of appeals.  In <u>Stolt-Nielsen Transp. Group Ltd. v. U.S.</u>, 534 F.3d 728 (D.C. Cir. 2008), the court of appeals stated:

> In the record before the district court, specifically the government's Vaughn Index, the government's only justification for withholding the agreements in the face of the redaction of identifying information is a conclusory affidavit by a Division official declaring that a Division paralegal had "reviewed each page line-by-line to assure himself that he was withholding from disclosure only information exempt pursuant to the Act."  The Division's conclusion on a matter of law is not sufficient support for a court to conclude that the self-serving conclusion is the correct one.

<u>Id.</u> at 734.

In this case, the pertinent portions of the Hardy declaration, quoted above, are even worse.  There is a statement, in the passive voice, that "it was determined" that no greater disclosure was possible without any indication of who made the determination, why that person made that determination, and what she did before making it.  This is therefore nothing like the specific and detailed showing made by the DEA in <u>Juarez v. Dept. of Justice</u>, 518 F.3d 54, 60 (D.C. Cir. 2008), which the court of appeals found acceptable.

Moreover, defendants' claim–that it would be unreasonably burdensome to be compelled to produce more than it already has–has never been accepted by the court of appeals as a justification for not producing what could be segregated.  In other words, the court of appeals has never suggested that an agency may engage in a kind of marginal utility analysis and decide for itself that doing any more than it has already done is not worth the bother and the cost.

Since the agency's affidavit is insufficient as a matter of law, I must recommend that defendants' motion be denied.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations.** See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE