## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

————————————————————

ANTHONY SCIACCA,

          Plaintiff,

       v.

FEDERAL BUREAU OF
INVESTIGATION, UNITED STATES
DEPARTMENT OF JUSTICE OFFICE OF
INFORMATION POLICY,

         Defendants.

————————————————————

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 08-2030 (RWR/JMF)

## DEFENDANTS' OBJECTIONS TO THE
## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATIONS

### Preliminary Statement

On February 16, 2012, Magistrate Judge Facciola issued a Report and Recommendation ("Report") addressing a motion for summary judgment filed by Defendants, the Federal Bureau of Investigation ("FBI") and the United States Department of Justice ("DOJ") Office of Information Policy ("OIP"). Defendants moved for summary judgment in a claim brought by Plaintiff pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and Privacy Act, 5 U.S.C. § 552a. The Magistrate Judge concluded that Defendants' declaration supporting their motion for summary judgment was insufficient as a matter of law because it lacked a proper explanation of segregability, and therefore recommended that Defendants' motion be denied.

Defendants object to the Report's findings and assert that their declaration satisfies the statutory requirements and comports with prevailing case law. Therefore, Defendants respectfully request that this Court reject the Magistrate Judge's Report and grant Defendants' motion for summary judgment.

**Background**

On December 19, 2006, Plaintiff submitted a written FOIA/Privacy Act request to the FBI's New York Field Office ("NYFO") seeking access to and copies of all documents referencing his criminal case in United States District Court for the Eastern District of New York. *See* Declaration of David M. Hardy ("Hardy Decl.")[1] ¶ 7.  On November 15, 2007, the FBI advised Plaintiff that a search of the automated indices of the Central Records System at NYFO reflected that there were documents potentially responsive to his request and subject to FOIA.  Hardy Decl. ¶ 11.  On November 26, 2008, after unsuccessful searches and being informed of his right to file a lawsuit by OIP, Plaintiff filed the current lawsuit before this Court in which he asserted that the FBI failed to comply with his request.  Hardy Decl. ¶¶ 11-15.  The FBI continued to search for and ultimately located and twice released responsive documents subject to FOIA: (1) on March 4, 2009, the FBI stated that it had reviewed 365 pages and was releasing 281 pages in full or in part, advising Plaintiff that it had asserted exemption (j)(2) of the Privacy Act and FOIA exemptions (b)(2), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E) to withhold the remaining records in full or in part; and (2) on April 30, 2009, the FBI stated by letter that it had reviewed an additional 279 pages and was releasing 259 pages in full or in part, further advising Plaintiff that it had asserted exemption (j)(2) of the Privacy Act and FOIA exemptions (b)(2), (b)(3), (b)(6), (b)(7)(C), (b)(7)(D) and (b)(7)(E) to withhold the remaining records in full or in part.  Hardy Decl. ¶¶ 16-17.

On May 4, 2009, Defendants submitted a motion for summary judgment.[2]  ECF No. 12. Plaintiff, after requested extensions totaling nearly 18 months,[3] submitted a response on October

---

[1] *See* ECF No. 12, Exhibit 1.
[2] Defendants added a motion to dismiss on November 2, 2010.  *See* ECF No. 12.
[3] Plaintiff also sent two letters to Defendants' counsel seeking extensions, which Defendants'

29, 2010, and Defendants submitted their reply on November 9, 2010.  ECF Nos. 23, 24.  On

October 11, 2011, District Judge Roberts transferred this matter to Magistrate Judge Facciola for

a Report and Recommendation, pursuant to Local Rule 72.3(a).  ECF No. 28.  The Magistrate

Judge presented his findings on February 16, 2012.  ECF No. 31.

<u>**Report and Recommendation**</u>

**I.  Legal Standard**

The Local Rules of Civil Procedure provide that the district judge "shall make a *de novo*

determination of those portions of a magistrate judge's findings and recommendations to which

objection is made" pursuant to LCvR 72.3(b).  *See* LCvR 72.3(c); *McGaughey v. District of*

*Columbia*, 734 F. Supp. 2d 14, 16-17 (D.D.C. 2010).  "A district judge may accept, reject, or

modify, in whole or in part, the findings and recommendations of the magistrate judge, or may

recommit the matter to the magistrate judge with instructions."  LCvR 72.3(c).

**II.  Segregability Analysis**

*A.  Report's Findings*

The Report found that Defendants' affidavit was insufficient as a matter of law because it

did not adequately explain why the FBI withheld certain non-exempt information.  The finding

compared the two paragraphs in Defendants' declaration justifying nondisclosure to a statement

the court found to be insufficient in *Stolt-Nielsen Transp. Group Ltd. v. United States* ("*Stolt-*

*Nielsen*"), 534 F.3d 728 (D.C. Cir. 2008), and additionally, a statement the court found to be

sufficient in *Juarez v. Dep't of Justice*, 518 F.3d 54 (D.C. Cir. 2008).  The Report states:

> In this case, the pertinent portions of the Hardy declaration, quoted
> above, are even worse. There is a statement, in the passive voice,
> that "it was determined" that no greater disclosure was possible
> without any indication of who made the determination, why that

submitted to the Court on Plaintiff's behalf.  *See* ECF Nos. 19, 20.

person made that determination, and what she did before making it. This is therefore nothing like the specific and detailed showing made by the DEA in *Juarez v. Dept. of Justice*, 518 F.3d 54, 60 (D.C. Cir. 2008), which the court of appeals found acceptable.

…

[D]efendants' claim–that it would be unreasonably burdensome to be compelled to produce more than it already has–has never been accepted by the court of appeals as a justification for not producing what could be segregated. In other words, the court of appeals has never suggested that an agency may engage in a kind of marginal utility analysis and decide for itself that doing any more than it has already done is not worth the bother and the cost.

Report at 3.

### B. *Defendants' Objection*

As Defendants stated in their motion for summary judgment and as the Report reiterated, if a record subject to FOIA contains information that is exempt from disclosure, any "reasonably segregable" non-exempt information must be disclosed after redaction of the exempt information. *See* 5 U.S.C. § 552(b). However, an agency need not disclose non-exempt portions of records that are "inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. Dep't of the Air Force* ("*Mead Data*"), 566 F.2d 242, 260 (D.C. Cir. 1977). To establish that all reasonably segregable, non-exempt information has been disclosed, an agency must only show "with 'reasonable specificity'" that it cannot further segregate the withheld information. *Armstrong v. Executive Office of the President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996); *see Canning v. U.S. Dep't of Justice*, 567 F. Supp. 2d 104, 110 (D.D.C. 2008).

Although "FOIA mandates disclosure of information, not solely disclosure of helpful information," *Stolt-Nielsen*, 534 F.3d at 734, "a court may decline to order an agency to commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content." *Mead Data*, 566

F.2d at 261 n.55.  "[T]he focus of the FOIA is information, not documents as a whole, and not simply words which the Government has written down."  *Id.*  Extensive redactions that produce isolated words and phrases would be meaningless.  *See Nat'l Sec. Archive Fund, Inc. v. Cent. Intelligence Agency*, 402 F. Supp. 2d 211, 221 (D.D.C. 2005).  Thus, an agency is not required to "expend substantial time and resources to 'yield a product with little, if any, informational value.'"  *Brown v. U.S. Dep't of Justice*, 734 F. Supp. 2d 99, 111 (D.D.C. 2010) (quoting *Assassination Archives & Research Ctr. v. Cent. Intelligence Agency*, 177 F. Supp. 2d 1, 9 (D.D.C. 2001)).

In *Nat'l Sec. Archive Fund*, the agency submitted a declaration describing the end product of redactions as so incoherent as to be meaningless.[4]  402 F. Supp. 2d at 220-21.  The CIA's affiant declared that "release of the non-exempt information would produce only incomplete, fragmented, unintelligible sentences composed of isolated, meaningless words."  *Id.* As such, the court found that the declaration "provide[d] sufficient detail of the nature of the

---

[4] The pertinent portion of the agency's declaration stated:

> Following a careful review and consideration of the [2004 Iraq NIE], as a whole, and on a line-by-line basis, I have determined that [it] must be protected from release in its entirety, on the basis of FOIA exemptions (b)(1), (b)(3), and (b)(5), and that no reasonably segregable, non-exempt portion of the document exists. I have determined that there are no meaningful segments of information that reasonably can be segregated for release. All of the information in the [2004 Iraq NIE] is related to intelligence activities, sources and methods, foreign government information, foreign relations and activities, and/or the deliberative process. Any non-exempt information is so inextricably intertwined with the exempt information that release of the non-exempt information would produce only incomplete, fragmented, unintelligible sentences composed of isolated, meaningless words. Therefore, I have determined that the non-exempt information cannot be reasonably segregated from the exempt information.

*Nat'l Sec. Archive Fund*, 402 F. Supp. 2d at 220-21.

classified and other exempt information contained in the document . . . to conclude that those isolated words or phrases that might not be redacted for release would be meaningless." 402 F. Supp. 2d at 221.  Similarly, after extensive review of the documents at issue here, it was determined that there was no further reasonably segregable information that it could release because the fully withheld documents contained "extensive redactions [that] would only cause a patchwork of unintelligible text."  Hardy Decl. ¶¶ 87-88.[5]  In arriving at that conclusion, Mr. Hardy identified the specific FOIA exemptions used to redact information, developed coded categories to more thoroughly categorize the type of information being protected, and matched each redaction with a specific code and exemption.  *See* Hardy Decl. ¶¶ 39-86.  The documents were then reviewed extensively after the redactions.  *See* Hardy Decl. ¶ 87.  Both declarations properly assert that the end result of redactions would produce a document with information that would not merely be of "low . . . value to the requestor," but be a collection of unconnected words that are not actual "information content."  *See Mead Data*, 566 F.2d at 261 n.55.

In contrast, the Report's two cited cases in support of its finding do not address the same type of "disjointed words, phrases, or . . . sentences" present here.  *Mead Data*, 566 F.2d at 261 n.55.  In *Stolt-Nielsen*, the plaintiff requested approximately 100 amnesty agreements from the Antitrust Division of the Department of Justice, which withheld them, in full, to protect the names and identifying information of particular companies and individuals.  *See* 534 F.3d at 731.  The court found that while "perhaps other" non-exempt information could be used to identify

---

[5]      "(87) After extensive review of the documents at issue, it has been determined that there is no further reasonably segregable information which may be released. The fully withheld documents are not segregable in that the extensive redactions would only cause a patchwork of unintelligible text. Thus, the FBI should not be required to segregate these words and phrases from disclosure.

* * *

"(88) The FBI has processed and released all reasonably segregable information from the records responsive to plaintiff's request to the FBI. . . ."

companies or individuals, the documents on a whole could be reasonably segregated so as to provide non-exempt information. *Id.* at 733-34. The court in *Stolt-Nielsen* did not suggest that the end result of the agency segregating non-exempt from exempt information would produce anything reminiscent of "isolated, meaningless words." *See Mead Data*, 566 F.2d at 261 n.55.

The agency's affidavit in *Juarez* is also inapt because all of the information in those documents was exempt. *See* 518 F.3d at 61. There, the Drug Enforcement Administration ("DEA") withheld in full fourteen pages of investigative records and an additional two pages of records regarding the plaintiff. *See id.* at 57. The court approved the DEA's full withholding because, even if the DEA had redacted only names from the requested records, the remaining information "could still reveal the extent of the government's investigation, the acts on which it is focused, what evidence of wrongdoing it is aware of, the identity of cooperating sources, and the agency's investigative techniques in this investigation." *Id.* at 61. Despite categorizing the analysis as one of segregability, the court appeared to be clarifying what additional information, beyond an individual's name, could be exempt to protect information relating to the investigation. *See id.*; *see also Nation Magazine, Washington Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995) (noting that protected information under exemption 7(C) extends to "any information" contained in 7(C) investigatory files that would reveal the identities of protected individuals, not merely names and addresses). The court did not identify any non-exempt information that the agency asserted it could withhold. *See Juarez*, 518 F.3d at 60-61.

*Mead Data*, *Stolt-Nielsen* and the district court cases then provide clear categories of when an agency must produce "reasonably segregable" non-exempt information. Information, helpful or not, that remains legible despite redactions must be segregated and disclosed. *See Stolt-Nielsen*, 534 F.3d at 734. But collections of isolated words that do not even rise to the

minimum level of "information content" are not so required.  *See Mead Data*, 566 F.2d at 261

n.55.  Here, Mr. Hardy declared that the withheld non-exempt "information" was not reasonably

segregable because it fell into the latter category, as merely a "patchwork of unintelligible text."

Hardy Decl. ¶ 87.

   This determination comports with FOIA's plain language that only "*reasonably*

*segregable*" non-exempt information need be disclosed.  *See* 5 U.S.C. § 552(b) (emphasis

added).  Requiring an agency to produce hundreds of pages, or even a single page, of "ifs, ands,

or buts" surrounded by redactions serves neither the transparency purposes of FOIA nor the

request of a member of the public in accessing information on how an agency conducts its

business.  *Cf. Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976) ("the basic purpose of the

Freedom of Information Act [being] 'to open agency action to the light of public scrutiny'").

This understanding of "reasonably segregable" is not the same as permitting an agency to

"engage in a kind of marginal utility analysis" to determine that additional production generally

would be "unduly burdensome."  *See* Report at 3.  Rather, when otherwise proper redactions

would result in a document composed of random, isolated words, the agency may properly

categorize those non-exempt words as having no utility and thus not disclose them because they

are not "reasonably segregable."

## Conclusion

   For the foregoing reasons and the reasons stated by Defendants in their motion for

summary judgment and reply in support of their motion for summary judgment, the Court should

sustain Defendants' objection to the Magistrate Judge's February 16, 2012 Report and

Recommendation and grant Defendants' motion for summary judgment.

March 1, 2012                                    Respectfully submitted,

                                                 RONALD C. MACHEN JR. D.C. BAR # 447889
                                                 United States Attorney

                                                 RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                 Assistant United States Attorney


                                                 ____/s/_____
                                                 B. CORY SCHWARTZ
                                                 Special Assistant United States Attorney
                                                 555 Fourth Street, N.W.
                                                 Washington, D.C. 20530
                                                 (202) 514-7185
                                                 Benjamin.Schwartz@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of March 2012, a true and correct copy of the

foregoing Defendant's Objections to the Magistrate Judge's Proposed Findings and

Recommendations was served upon Plaintiff by first-class United States mail, marked for

delivery to:

Anthony Sciacca
#57375-053
FMC Lexington
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512

                                     */s/*
                                   B. CORY SCHWARTZ
                                   Special Assistant United States Attorney
                                   555 Fourth Street, N.W.
                                   Washington, D.C. 20530
                                   (202) 514-7185
                                   Benjamin.Schwartz@usdoj.gov